UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY PRICE, et al., : | |
| : | |
| Plaintiffs, : | Civ. No. 22-6042 (RBK) (EAP) |
| : | |
| v. : | |
| : | |
| COUNTY OF SALEM, et al., : | **MEMORANDUM AND ORDER** |
| : | |
| Defendants. : | |

Plaintiffs, Anthony Price, Christine Ottinger and Robert Strauss, III (collectively the "Plaintiffs"), are proceeding through counsel with an amended civil complaint. (*See* ECF 4). Plaintiffs were previously detained at the Salem County Jail. Plaintiffs sue Defendants the County of Salem, John S. Cuzzupe[1] and John Does 1-50. Presently pending before this Court is Defendants', the County of Salem's and Cuzzupe's, motion to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) in its entirety with prejudice. (*See* ECF 6). For the following reasons, Defendants' motion to dismiss is denied.

Plaintiff sues the Defendants related to various aspects of their intake and detainment while housed at Salem County Jail. The issues Plaintiffs raise include being subject to strip searches and various other challenges to their conditions of confinement. Defendants have moved to dismiss the amended complaint and essentially argue as follows:

1. The amended complaint should be dismissed because it fails to list specific dates such that the amended complaint may be barred by the statute of limitations;

2. Plaintiffs fail to state a claim upon which relief may be granted; and

3. Plaintiff's complaint should be dismissed because it arises primarily under state law.

---

[1] Plaintiffs allege Cuzzupe is the most senior official at the Salem County Jail. (*See* ECF 4 ¶ 5).

As noted above, Defendants move to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The standards for seeking dismissal under those Federal Rules are discussed below.

A defendant may move to dismiss a complaint for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) by challenging jurisdiction facially or factually. *See Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). A facial challenge to subject-matter jurisdiction "considers a claim on its face and asserts that it is insufficient to invoke the subject-matter jurisdiction of the court because, for example, it does not present a question of federal law[.]" *Id.* at 358. In contrast, a factual challenge "is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id.* Drawing this distinction is important because it "determines how the pleading must be reviewed." *Id.* at 357–58 (citing *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)). In analyzing a facial challenge, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto[.]" *Constitution Party of Pennsylvania*, 757 F.3d at 358 (citing *In re Schering Plough Corp. Intron*, 678 F.3d at 243). Whereas in considering a factual challenge to subject-matter jurisdiction, the court "may look beyond the pleadings to ascertain the facts." *Id.* Furthermore, in considering a factual challenge to subject matter jurisdiction, "the plaintiff's allegations enjoy no presumption of truthfulness, and [the plaintiff] bears the burden of establishing jurisdiction." *Meehan v. Taylor*, No. 12–4079, 2013 WL 4517943, at *2 (D.N.J. Aug. 26, 2013) (citing *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008); *Mortensen v. First Fed. Sav. Loan Ass'n.*, 549 F.2d 884, 891 (3d Cir. 1977)).

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss under Rule

12(b)(6), "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Iqbal*, 556 U.S. at 678. This "plausibility standard" requires that the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is 'not akin to a probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pleaded; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). However, courts are "not compelled to accept 'unsupported conclusions and unwarranted inferences,'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quoting *Schuylkill Energy*

*Res. Inc. v. Pa. Power & Light* Co., 113 F.3d 405, 417 (3d Cir. 1997)), nor "a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

A court conducts a three-part analysis in analyzing a motion to dismiss pursuant to Rule 12(b)(6). *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.*

Defendants first seek dismissal of the amended complaint based on the statute of limitations. More specifically, Defendants argue that Plaintiffs fail to include dates of their detainment within the Salem County Jail such that this Court cannot determine whether Plaintiffs' claims are time-barred.

The United States Court of Appeals for the Third Circuit has held that defendants may raise a limitations defense under Federal Rule of Civil Procedure 12(b)(6) if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (footnote and citation omitted). The bar must be apparent on the face of the complaint to warrant dismissal on limitations grounds. *Id.* That said, "[a] plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense." *Schmidt v. Skolas*, 770 F.3d 241, 251 (3d Cir. 2014). Thus, if "the pleading does not reveal when the limitations period began to run," then "the statute of limitations cannot justify Rule 12 dismissal." *Stephens v. Clash*, 796 F.3d 281, 288 (3d Cir. 2015) (quoting *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 835 (3d Cir. 2011)).

Defendants' statute of limitations argument improperly shifts the burden of disproving the affirmative defense of the statute of limitations to Plaintiffs. This argument is not proper in a motion to dismiss under Rule 12(b)(6) where the statute of limitations cannot be determined from the face of the pleading. This argument by Defendants is therefore rejected.

Next, Defendants seek dismissal of the amended complaint for Plaintiffs purported failure to state a claim. Plaintiffs' claims against Defendants relate to being subject to strip searches as well as other challenges to their conditions of confinement at the Salem County Jail. Recently, this Court had the opportunity to review almost identical allegations related to strip searches at the Salem County Jail in *Nedrick v. Salem County Jail*, No. 22-5143, 2023 WL 4232164 (D.N.J. June 27, 2023).[2] In denying defendants' motion to dismiss Nedrick's claims related to strip searches in that case, this Court noted as follows:

> The Fourth Amendment protects "[t]he right of the people to be secure in their persons ... against unreasonable searches and seizures." U.S. Const. amend. IV. Reasonableness "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). In *Florence v. Board of Chosen Freeholders of County of Burlington*, 566 U.S. 318, 339 (2012). the United States Supreme Court held that an institution's policy of subjecting every incoming detainee who would enter general population to a strip search, regardless of whether there was reasonable suspicion that the detainee may be in possession of contraband, drugs, or weapons, did not violate the Fourth Amendment. Emphasizing the serious health and safety concerns that inmates and officers face in potentially allowing contraband or undetected disease into prisons, the Supreme Court found that the policies at issue were constitutional because they were necessary to meet the needs of the institution. *Id.* at 341 (Alito, J., concurring). Furthermore, "courts must defer to the judgment of correctional officials unless the record contains substantial evidence showing their policies are an unnecessary or unjustified response to problems of jail security." *Id.* at 322–23.

---

[2] As an aside, it is worth noting that counsel for the parties in *Nedrick* are identical to this case.

> Applying *Florence*, however, the United States Court of Appeals for the Third Circuit has since held a search policy to be unconstitutional where inmates were required to submit their anal and genital regions to visual inspection three times a day, regardless of whether they had been contact with others. *See Parkell v. Danberg*, 833 F.3d 313, 327 (3d Cir. 2016). Unlike in *Bell*, the court reasoned, there was not even a low probability an inmate would obtain contraband; it was "virtually impossible." *Id.* at 328.
>
> While somewhat sparse, Plaintiff alleges not only a strip search upon entry to Salem County Jail, one presumably permitted based on *Florence*, but also alleges constant surveillance and then still being subject to subsequent routine strip searches. At this early stage of the litigation, based on these allegations, Plaintiff has at least stated a claim to permit more factual development of this claim during discovery. Plaintiff's claims related to the strip searches shall proceed.

*Nedrick*, 2023 WL 4232164, at *4.

Plaintiffs' allegations in this case are like those in *Nedrick*. For similar reasons discussed in that case, Plaintiffs claims shall be permitted to proceed past the motion to dismiss stage.[3]

Defendants' final argument is that this Court should decline jurisdiction because Plaintiffs' amended complaint arises primarily under state law. This Court disagrees. Indeed, Plaintiffs' strip search claims certainly raise federal constitutional issues. Furthermore, this Court maintains supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. Thus, Defendants' motion to dismiss will be denied.

---

[3] Like *Nedrick*, Defendants' brief in this case is relatively silent regarding certain aspects of Plaintiffs' claims, such as the conditions of confinement as it relates to their clothing while detained at Salem County Jail. At this early pleading stage, this Court finds Plaintiffs' claims shall proceed in full. This Court finds Plaintiffs' claims at least warrant further factual development during discovery.

Accordingly, IT IS on this 6th day of July 2023,

ORDERED that Defendants' motion to dismiss Plaintiffs' amended complaint (ECF 6) is denied.

s/ Robert B. Kugler<br>
ROBERT B. KUGLER<br>
United States District Judge