**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANTHONY PRICE, et al., | : |
| Plaintiffs, | : Civil Action No. 22-6042 (MAS)(JTQ) |
| v. | : **MEMORANDUM OPINION AND ORDER** |
| THE COUNTY OF SALEM, et al., | : |
| Defendants. | : |

Before the Court is Plaintiffs' motion for reconsideration of this Court's July 24, 2024 Order denying Plaintiffs' motion to compel the production of discovery. The Court has carefully considered the submissions of the parties and decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons below, the motion for reconsideration is denied.

**I.    BACKGROUND**

Plaintiffs Anthony Price, Christine Ottinger, Robert Strauss, and Sarah Provost ("Plaintiffs") filed this motion claiming that they sufficiently established the relevance of the discovery they moved to compel and that to deny the production of the requested information "could result in manifest injustice." ECF No. 109-1 (Moving Brief, "Mov. Br.") at 14-18.[1] Specifically, Plaintiffs' previous motion sought to compel a "statistical sample" of protected health information ("PHI") from nonparty Salem County Correctional Facility ("SCCF") inmates to demonstrate that defendants, the

---

[1] The page numbers cited herein are those provided by PACER.

County of Salem and John S. Cuzzupe, ("Defendants") arbitrarily over-classify the inmates' suicidal "at-risk" status. ECF No. 75. However, the Court denied Plaintiffs' motion to compel because, contrary to what they reargue here, Plaintiffs failed to demonstrate the relevance of the requested information to a case brought by individuals who *opted out of* a class action and did not set forth any basis for entitlement to highly sensitive PHI from nonparty SCCF inmates. *See* ECF No. 106 (the "July 24 Opinion").

Defendants oppose Plaintiffs' motion for reconsideration on both substantive and procedural grounds. They object to the untimeliness of the motion and contend that Plaintiffs fail to meet the grounds for reconsideration under Local Civil Rule 7.1. ECF No. 110 (Opposition Brief, "Opp. Br."). Without seeking leave of Court, Plaintiffs filed a reply brief in further support of their motion, requesting that the Court hold the motion "in abeyance (dismiss without prejudice) pending any *Daubert* motion or as a pretrial motion." ECF No. 111 (Reply Brief, "Reply Br.") at 2.

## II. LEGAL STANDARD

Local Civil Rule 7.1(i) governs motions for reconsideration and requires the moving party to "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked[.]" L. Civ. R. 7.1(i). The burden on the moving party is quite high and reconsideration is granted very sparingly. To prevail on such a motion, the movant must demonstrate either: "(1) an intervening change in the controlling law; (2) the availability of new evidence . . .; or

(3) the need to correct a clear error of law or prevent manifest injustice." *Reardon v. Zonies*, 730 F. App'x 129, 132 (3d Cir. 2018).

Notably, a motion seeking reconsideration may not be used by a party to "restate arguments that the court has already considered." *Lawrence v. Emigrant Mortg. Co.*, 2012 WL 5199228, *2 (D.N.J. Oct. 18, 2012). Nor may such a motion be used "to relitigate old matters, [ ] or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). In other words, "[a] motion for reconsideration [ ] does not entitle a party to a second bite at the apple." *Ippolito v. Carpenito*, 2020 WL 1847671, at *1 (D.N.J. Apr. 13, 2020). Further, where a party merely has a difference of opinion with the court's decision, the issue should be raised through the normal appellate process; reconsideration is not the appropriate vehicle. *Dubler v. Hangsterfer's Laboratories*, 2012 WL 1332569, *2 (D.N.J. Apr. 17, 2012).

### III. ANALYSIS

#### A. Procedural Issues

Before addressing the substance of the decision, the Court notes that Plaintiffs have violated this District's Local Civil Rules on more than one occasion.

#### i. A Reply is Not Permitted for a Reconsideration Motion

First, Local Civil Rule 7.1(d)(3) expressly states that "[n]o reply papers shall be filed, unless permitted by the Court, relating to . . . Reconsideration under L.Civ.R. 7.1(i)." More than that, "[t]he purpose of the reply brief is to respond to the opposition brief or explain a position that the respondent has refuted." *Dana Transp., Inc. v.*

3

*Ableco Fin., LLC*, 2005 WL 2000152, at *6 (D.N.J. Aug. 17, 2005). Yet, here, not only did Plaintiffs file their reply without seeking leave of Court, but they also failed to use the reply for its intended purpose. Instead, in their reply, Plaintiffs seem to preview what they believe their expert would opine after reviewing the requested documents and "request the Court hold this motion in abeyance (dismiss without prejudice) pending any *Daubert* motion or as a pretrial motion because it is unclear at this time whether the Expert needs to validate her opinion with statistics." Reply Br. at 2. As such, even if Plaintiffs had adhered to the Rules, there is no additional argument or explanation related to the pending motion that the Court could glean from Plaintiffs' reply.

### ii. Untimeliness

Furthermore, Defendants correctly point out that Plaintiffs' motion is untimely. Opp. Br. at 6. The relevant Local Civil Rule unambiguously provides a movant with "14 days after the entry of the order or judgment on the original motion by the Judge" to seek reconsideration. L. Civ. R. 7.1(i). Plaintiffs incorrectly claim that their motion was timely since the date of the "triggering event – the order from which reconsideration is sought [is] excluded from the count." Reply Br. at 1. Yet, the docket plainly reflects that the "triggering event" took place on July 24, 2024 (ECF No. 106) and the instant motion was filed *15 days* later, on August 8, 2024 (ECF No. 109). Put simply, Plaintiffs' filing was late and no justification is offered for the delay. Though the Court could decline to resolve the instant dispute on this basis alone, it will not do so. *See Cordero v. Emrich*, 2022 WL 17418572, at *1 (D.N.J. Dec. 5, 2022)

(finding unjustified untimeliness alone sufficient for denying a reconsideration motion).

### B. Plaintiffs' Motion Fails to Articulate a Proper Basis for Reconsideration

As for the substance of Plaintiffs' position, the Court finds the motion to be little more than an attempt to reargue the issues previously before the Court. While Plaintiffs correctly identify that in denying their motion to compel, the Court previously found that "Plaintiffs failed to demonstrate the need for [third-party PHI] related to their case" (Mov. Br. at 17), they do not even try to show that this decision should be reviewed based on "an intervening change in controlling law . . . , the availability of new evidence . . . , [ ] or … the need to correct [a] clear error of law or prevent manifest injustice." *Reardon*, 730 F. App'x at 132. Rather, the thrust of Plaintiffs' argument is, once again, that they have a constitutional right to challenge Defendants' "arbitrary" policies and that the PHI they seek is relevant to their claims. Mov. Br. at 12-13. Plaintiffs reargue that they should simply be permitted to review statistics on SCCF inmates' psychological records and redact where necessary. *Id.* at 17-18.

The most that can be inferred from Plaintiffs' argument is that they tried to present "new evidence" by attaching their expert report to the pending motion for reconsideration. ECF No. 109-2. Notably, though, "'new evidence, for reconsideration purposes, does not refer to evidence that a party obtains or submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously

5

available." *Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010). Plaintiffs fail to address why they did not retain an expert (or even mention their intention to retain one) at the time they filed their motion to compel. Instead, they merely state that they "did not have the availability of an expert." Mov. Br. at 16.

Nonetheless, the Court is not persuaded by Plaintiffs' attempt to use their expert report to reargue the relevance of the statistical data they seek to compel from non-parties. Not only is using the requested information to validate their expert's opinion not a basis for establishing relevancy, but it is not a proper basis for bringing a reconsideration motion.[2] *See id.* at 16-17. Further, Plaintiffs' argument that denying them access to statistical information would be a "manifest injustice" does not change the Court's analysis. As Defendants highlight, Plaintiffs rely on a 2022 decision out of the District of New Mexico to improperly conclude that what is "determinative" in reviewing Plaintiffs' motion to compel is "the ability to protect the PHI through redaction." Mov. Br. at 17-18; Opp. Br. at 13. To the contrary, the question of whether information can be redacted need not even be reached where the relevance of the documents has not been established.

---

[2] Nor does the Court find compelling the distinction Plaintiffs try to draw between the July 2024 Opinion and the Honorable Elizabeth A. Pascal, U.S.M.J.'s March 8, 2024, decision granting Defendants' motion for protective orders (ECF No. 82). Plaintiffs argue the subpoenas that were the subject of the motion before Judge Pascal "sought information which could not be validated making it irrelevant," while that is not the case for the data they seek now. Mov. Br. at 14-15. The Court agrees with Defendants and finds that, if anything, Judge Pascal's Order "further supports denying Plaintiffs' attempts to obtain information from non-parties." Opp. Br. at 4.

Accordingly, Plaintiffs have failed to advance any new arguments. A motion for reconsideration is not a procedural vehicle for parties to take a "second bite at the apple." *See Ippolito*, 2020 WL 1847671 at *1; *see also United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994) ("The purpose of the [reconsideration] rule ... is... to prevent parties from filing a second motion, with the hindsight provided by the court's analysis, covering issues that should have been raised in the first set of motions."). In rendering its original decision, the Court did not overlook any fact or misunderstand the record. Nor do Plaintiffs even try to take such a position.

## IV. CONCLUSION

For the reasons set forth herein, Plaintiffs have failed to meet the necessary burden on a motion for reconsideration. Accordingly,

IT IS on this 27th day of September 2024,

**ORDERED** that Plaintiffs' Motion for Reconsideration (ECF No. 109) is **DENIED**; and it is further

ORDERED that the Clerk is directed to terminate ECF No. 109.

_____
JUSTIN T. QUINN
UNITED STATES MAGISTRATE JUDGE