**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY PRICE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE COUNTY OF SALEM, *et al.*,<br><br>Defendants. | Civil Action No. 22-6042 (MAS) (JTQ)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court upon Plaintiffs Anthony Price ("Price"), Christine Ottinger ("Ottinger"), Robert Strauss ("Strauss"), and Sarah Provost's ("Provost") (collectively, "Plaintiffs") Appeal of the Magistrate Judge's Order (the "Order", ECF No. 142) denying Plaintiffs' motion for sanctions pursuant to Federal Rule of Civil Procedure 37[1] (ECF No. 144). Defendants The County of Salem ("Salem County") and John S. Cuzzupe (collectively, "Defendants") opposed (ECF No. 147), and Plaintiffs replied (ECF No. 148). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court affirms the Magistrate Judge's Order.

**I.     BACKGROUND**

      This matter's underlying facts and procedural history are well known to the parties, and therefore, the Court only recites those facts necessary to resolve the instant dispute.

---

[1] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983, alleging constitutional and state law violations arising from Defendants' policies and practices at the Salem County Correctional Facility ("SCCF"). (*See* Third Am. Compl., ECF No. 42.) Plaintiffs, who were confined in the Salem County Jail at various times between 2015 and 2020, challenge SCCF's suicide identification policy and practice (the "Policy") as arbitrary and unlawful, in part because it allegedly classified each Plaintiff as "at-risk" and subjected them to strip searches and related conditions of confinement. (*Id.* ¶¶ 7-80.)

Defendants moved to dismiss the action, which the Court denied. (ECF Nos. 6, 11.) Accordingly, the case proceeded to discovery. Amid discovery disputes between the parties, Plaintiffs moved for sanctions against Defendants for the alleged spoliation and destruction of certain evidence. (Mot. Sanctions, ECF No. 118.) Specifically, Plaintiffs argued that Defendants should be sanctioned for allegedly spoliating: (1) closed-circuit television ("CCTV") footage that Defendants were obligated to preserve in a prior state court class action lawsuit, *Stevenson, et al. v. Salem, et al.*, New Jersey Superior Court, Law Division, Docket No. SLM-L-92-17 (hereinafter "*Stevenson*"), and which would purportedly demonstrate SCCF's improper strip search practices in 2018; and (2) Plaintiffs' jail and medical files on their "at-risk" classifications and SCCF's related practices, including regular strip searches. (Mot. Sanctions 9-36.) Defendants opposed, arguing in part that the requested CCTV footage was irrelevant to this case because it did not contain images of the individual Plaintiffs, and that in any event, Defendants were only obligated to preserve this evidence in the state court *Stevenson* class action, which Plaintiffs had opted out of. (Defs.' Opp'n Br. 1-2, ECF No. 125.) Defendants further argued that they produced all relevant and responsive discovery in their possession in this litigation, and that they otherwise satisfied their discovery obligations by taking the proper steps to preserve the requested CCTV video

2

footage and updating the Court on its production via correspondence from September to December 2023. (*Id.* at 21, 24-25, 28, 35-36.)

On June 5, 2025, the Magistrate Judge denied Plaintiffs' motion for sanctions, finding that there was "no basis" to sanction Defendants where Plaintiffs had failed to establish the relevance of the CCTV footage in *Stevenson* to their individual claims, or to otherwise demonstrate that Defendants had intentionally spoliated any evidence. (*See generally* Order, ECF No. 142.) In denying Plaintiffs' motion, the Magistrate Judge noted that Plaintiffs had repeatedly mistakenly treated the instant litigation as a continuation of the *Stevenson* case "that all four Plaintiffs *opted out of*," and that they "do not, and cannot, demonstrate that they are entitled to the same discovery as the plaintiffs in the class action they declined to join." (*Id.* at 1 (emphasis in original).) This appeal followed.[2]

## II.   LEGAL STANDARD

A magistrate judge's resolution of a matter may only be set aside if the "order is clearly erroneous or contrary to law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004); Fed. R. Civ. P. 72(a); Loc. Civ. R. 72.1(c)(1). "A finding is clearly erroneous only 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). For a magistrate judge's decision to be contrary to law, the Court must find the magistrate

---

[2] Defendants argue that Plaintiffs' appeal was untimely filed "eleven minutes" after the June 20, 2025, deadline. (Defs.' App. Opp'n Br. 13-14, ECF No. 147.) While the Court has the authority to decline the consideration of late filings, the Court will exercise its discretion in this instance to consider Plaintiffs' appeal as timely filed. *See Green v. Rowan Univ.*, No. 22-0039, 2023 WL 3675956, at *2 (D.N.J. May 26, 2023).

judge misapplied or misinterpreted the applicable law. *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998).

The burden of demonstrating that the magistrate judge's order is clearly erroneous or contrary to law lies with the party filing the appeal. *Marks*, 347 F. Supp. 2d at 149. The Court may not consider evidence that was not presented to the magistrate judge. *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91-92 (3d Cir. 1992). Further, when, "as here, the magistrate [judge] has ruled on a non[-]dispositive matter such as a discovery motion, his [or her] ruling is entitled to great deference and is reversible only for abuse of discretion." *Frank v. Hudson*, 924 F. Supp. 620, 623 (D.N.J. 1996) (citations omitted); *see also Marks*, 347 F. Supp. 2d at 149. Abuse of discretion is found "when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man [or woman] would take the view adopted by the [deciding] court." *Fagan v. Fischer*, No. 14-7013, 2018 WL 2859541, at *3 (D.N.J. June 11, 2018) (quoting *Lindy Bros. Builders v. Am. Radiator & Standard Corp.*, 540 F.2d 102, 115 (3d Cir. 1976)).

## III. DISCUSSION

As a threshold matter, the parties disagree on the standard of review applicable to the Magistrate Judge's denial of Plaintiffs' motion for sanctions. Plaintiffs adopt the "clearly erroneous" or "contrary to law" standard of Rule 72(a). (Pls.' App. Moving Br. 11, ECF No. 144-1.) Defendants argue that a more deferential standard applies because the Order relates to a discovery matter. (Defs.' App. Opp'n Br. 13.)

The Court finds that the Magistrate Judge's ruling, which denies a motion for sanctions pursuant to Rule 37, concerns a discovery dispute, and therefore, "the abuse of discretion standard clearly applies." *Fagan*, 2018 WL 2859541, at *3 (internal quotation marks and citation omitted)

(collecting cases); *see also Bracey v. Harlow*, No. 11-4, 2013 WL 2253576, at *1-3 (W.D. Pa. May 22, 2013) (abuse of discretion standard applies to review of magistrate judge's denial of motion for discovery sanctions). This Court, accordingly, applies the more deferential standard of review and reviews the Order for abuse of discretion.

Turning to the merits of Plaintiffs' arguments on appeal, Plaintiffs contend that the Magistrate Judge's ruling should be reversed for three key reasons: (1) his determination "barring Plaintiffs from using evidence adduced from the [*Stevenson*] class action," was clearly erroneous; (2) his finding that Plaintiffs "adduced no evidence . . . of intentional destruction" is clearly erroneous; and (3) he erroneously determined that the 2018 CCTV footage is not relevant to Plaintiffs' individual claims.[3] (*See generally* Pls.' App. Moving Br.)

Regarding Plaintiffs' first contention, Plaintiffs are incorrect in stating that the Order categorically "bar[s]" Plaintiffs from using evidence adduced in the *Stevenson* litigation. (*See id.* at 11.) The Order makes no such finding. Rather, the Magistrate Judge rejected Plaintiffs' attempts to "treat this case as a continuation of *Stevenson*," and "decline[d] to consider evidence from the [*Stevenson*] action to support Plaintiffs' arguments on the relevance of the CCTV footage." (Order 9.) In other words, the Magistrate Judge rejected Plaintiffs' argument that the 2018 CCTV footage was relevant to this action simply because Defendants were under a duty to preserve this evidence in the prior *Stevenson* class action. (*See id.*) As the Magistrate Judge correctly observed, the *Stevenson* class action was a "*different* case before a *different* court involving *different* plaintiffs." (*Id.* at 7 (emphasis in original).) That Defendants were required to preserve certain evidence in the

---

[3] Plaintiffs raise other non-meritorious objections to the Order. (*See generally* Pls.' App. Moving Br.) Because the Court finds that the reasoning, analysis, and findings of the Magistrate Judge are correct and without error, the Court declines to conduct a discussion of Plaintiffs' non-meritorious objections herein.

*Stevenson* action does not necessarily mean that they were under the same obligation in this case. The Magistrate Judge accordingly found that Defendants were not under a duty to preserve the 2018 CCTV footage in this action, and noted in part that this action had commenced long after the parties had reached a settlement in the *Stevenson* action.[4] (*Id.* at 12-13.) The Court finds no abuse of discretion in the Magistrate Judge's holding. To the contrary, the Court finds that the Magistrate Judge's analysis is well-reasoned and underscores Plaintiffs' failure to articulate the relevance of the facts and evidence adduced in the *Stevenson* litigation to Plaintiffs' claims here. (*See id.* at 7-8 (explaining that aside from attaching a litany of documents from the *Stevenson* action, Plaintiffs had failed to explain how these documents were relevant to Plaintiffs' arguments, "leav[ing] the Court with a piecemeal understanding of what transpired in the state court action and, in turn, Plaintiffs' arguments here").)

Turning to Plaintiffs' second argument, the Magistrate Judge assessed the evidence and found that Plaintiffs had failed to prove that the CCTV footage was intentionally destroyed or lost due to Defendants' failure to take reasonable steps to preserve it. (*Id.* at 13-14.) In reaching this conclusion, the Magistrate Judge weighed the parties' differing explanations as to why the footage was not produced. (*See id.*) Defendants, for example, retained a forensic expert who concluded that some of Defenadnts' CCTV footage was likely lost due to an error in the network connection while the files were being saved, or "some type of data corruption during the file transfer operations." (Capsicum Grp. Rep. 1-4, ECF No. 125-8.) Plaintiffs, in turn, retained an expert who

---

[4] The insant lawsuit—which was was commenced on October 12, 2022—was filed well after the *Stevenson* parties submitted their executed settlement agreement in state court on September 1, 2021. *See* Settlement Agreement, Trans ID LCV20212025181, *Stevenson, et al. v. Salem, et al.*, SLM-L-92-17 (N.J. Super. Ct. Law Div. Sep. 1, 2021). The Court notes, however, that the state court did not grant final approval of the settlement until February 8, 2024. *See* Order of Final Approval, Trans ID LCV2024358718, *Stevenson, et al. v. Salem, et al.*, SLM-L-92-17 (N.J. Super. Ct. Law Div. Feb. 8, 2024).

concluded that Defendants' explanation was "highly implausible" and that "it [was] impossible to rule out the possibility that these files were intentionally destroyed, altered, or deleted." (Ex. 3, Cornerstone Disc. Rep. 11, 21, ECF No. 118-7.) The Magistrate Judge "acted well within [his] disrection" in weighing the opposing explanations offered by the parties and in crediting Defendants' explanation over Plaintiffs'. *Bracey*, 2013 WL 2253576, at *2 (concluding that the magistrate judge "did not abuse her discretion in finding the evidence set forth by [d]efendants credible" where plaintiff argued that defendants spoliated evidence); (*see* Order 13-14). The Court accordingly finds that the Magistrate Judge did not abuse his discretion in finding that Plaintiffs failed to demonstrate intentional spoliation of evidence by Defendants. *See Cordero v. Emrich*, No. 20-5654, 2024 WL 4544684, at *4 (D.N.J. Oct. 22, 2024) (finding no abuse of discretion where the magistrate judge found that defendants did not intentionally spoliate evidence despite plaintiff's assertions to the contrary).

Finally, Plaintiffs challenge the Magistrate Judge's determination that the CCTV footage was not relevant to Plaintiffs' individual claims. Plaintiffs argue that the footage is relevant because it would purportedly show that Salem County never changed its improper two-a-day strip search practices in 2018, despite allegedly stating in the *Stevenson* action that it had done so in 2017.[5] (*See* Pls.' App. Moving Br. 17-19.) The CCTV footage, however, spanned from June to December 2018, when none of the four individual Plaintiffs were admitted to the "at-risk" unit.[6] (Order 10.) The Magistrate Judge found that because Plaintiffs would not appear in the CCTV footage,

---

[5] Plaintiffs allege that while Salem County testified in the *Stevenson* litigation that it had ceased its two-a-day strip search practices in 2017, it now seeks to "change that prior falsely sworn testimony" to state that the practice changed in June 2018. (Pls.' App. Moving Br. 18.)

[6] As the Magistrate Judge observed, "Price was admitted from September 28, 2017 to September 29, 2017; Ottinger was admitted in 2015; Strauss was admitted on September 20, 2016, March 9, 2017, October 7, 2017, May 8, 2019, and January 4, 2020; Provost was admitted on April 17, 2015 and December 7, 2015." (Order 10 n.7.)

Plaintiffs had failed to establish how this evidence was relevant to Plaintiffs' individual claims. (*Id.* at 10-11 (citation omitted) (stating it was "unclear how Plaintiffs can transpose the video evidence of persons, who are not Plaintiffs, and during a time period, when Plaintiffs were not incarcerated, to prove that the Plaintiffs in this case were subject to the same practice").) The Court discerns no abuse of discretion here, as it was reasonable to conclude that the CCTV footage, which would not depict Plaintiffs, was of no consequence to Plaintiffs' claims. *See* Fed. R. Evid. 401; *Donahue v. City of Hazleton, PA*, No. 22-3029, 2023 WL 7271079, at *2 (3d Cir. Nov. 3, 2023) (citation omitted) (reviewing a trial court's determination for the exclusion of evidence as irrelevant and stating that there is no abuse of discretion "unless no reasonable person would adopt the district court's view").[7] Accordingly, Plaintiffs' objections must be overruled in this respect.

Applying a deferential standard of review, the Court finds that the Magistrate Judge did not abuse his discretion in denying Plaintiffs' motion for sanctions. The Magistrate Judge's comprehensive opinion clearly delineates his reasoning as to why Plaintiffs' motion was denied, and the Court finds no basis to disturb his ruling.

---

[7] Notwithstanding the Magistrate Judge's finding that the CCTV footage was irrelevant to Plaintiffs' claims, he continued his analysis and considered the merits of Plaintiffs' motion. (Order 16-21.) Even assuming arguendo that the Magistrate Judge abused his discretion in finding the CCTV footage irrelevant, such error would thus not warrant reversal of the Order. Moreover, the Court notes that the Magistrate Judge's ruling—issued in connection with Plaintiffs' sanctions motion—does not have a preclusive effect on the substantive issues in this matter. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396-97 (explaining that a sanctions ruling "is not a judgment on the merits" and therefore cannot collaterally estop other claims for prodeeding); *Klayman v. Barmak*, 602 F. Supp. 2d 110, 117 (D.D.C. 2009) (discussing cases and finding that it would be improper to "extrapolate" from a sanctions ruling "to the subsequent litigation of issues on the merits").

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' appeal of the Magistrate Judge's Order is denied. The Court, accordingly, affirms the Magistrate Judge's Order. The Court will issue an Order consistent with this Memorandum Opinion.

Dated: 10/20/2025

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE