**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ANTHONY PRICE, *et al.*, | |
| Plaintiffs, | |
| v. | |
| THE COUNTY OF SALEM, *et al.*, | |
| Defendants. | |

Civil Action No. 22-6042 (MAS) (JTQ)

**MEMORANDUM ORDER**

This matter comes before the Court upon Plaintiffs Anthony Price, Christine Ottinger, Robert Straus III, and Sarah Provost's (collectively, "Plaintiffs") Appeal (ECF No. 164) from Magistrate Judge Quinn's August 28, 2025, decision (the "August 28, 2025, Order") (ECF No. 163) granting Defendants The County of Salem and John S. Cuzzupe's (collectively, "Defendants") request to strike Plaintiffs' "rebuttal" expert report of Cameron K. Lindsay ("Lindsay"). Defendants opposed (ECF No. 165), and Plaintiffs replied (ECF No. 166). The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b).

The parties are familiar with the factual background and procedural history of this matter, and the Court, therefore, only recites those facts necessary to resolve the instant appeal. On February 11, 2025, the parties agreed to, and the Court ordered, certain extended deadlines related to expert discovery, including: (1) a February 17, 2025, deadline for Plaintiffs' expert reports and disclosures; and (2) a March 24, 2025, deadline for Defendants' expert reports and disclosures. (Feb. 11, 2025, Letter Order, ECF No. 127.) Thereafter, on April 17, 2025, Defendants requested, and the Court granted, an extension of two expert-related deadlines, including Defendants'

deadline for submitting their expert reports and disclosures, which was moved to May 23, 2025. (Apr. 17, 2025, Letter Order, ECF No. 135.) In accordance with the deadlines set forth by this Court, on February 17, 2025, Plaintiffs disclosed and served expert reports for two experts: (1) Ms. Cox, an offered expert in correctional mental health; and (2) Dr. Nitti, an offered expert in psychology. (Defs.' Opp'n Br. 2, No. 165.) Then, on May 23, 2025, Defendants timely disclosed their experts and produced their reports for: (1) Mr. Sweeney, an offered expert in corrections; and (2) Dr. Leon, an offered expert in psychiatry. (*Id.*; Pl.'s Moving Br. 3, ECF No. 164-1.)

On June 23, 2025, Plaintiffs served the expert report of Lindsay (the "Lindsay Report") to, as Plaintiffs claim, "rebut[] the notion that Salem County changed its practice through the amendment to Salem County's written policy" and address such an opinion contained within Mr. Sweeney's expert report. (Pl.'s Moving Br. 3-4.) On July 21, 2025, the parties filed joint correspondence raising Defendants' challenge to and request to strike the Lindsay Report "because this expert, and his report, were not disclosed prior to the deadline for Plaintiffs' expert disclosures." (Parties' Joint July 21, 2025, Correspondence 6, ECF No. 149.) On August 14, 2025, the Court held a telephone conference where the parties raised this dispute. (*See* Aug. 1, 2025, Text Order, ECF No. 152 (scheduling conference call); Aug. 28, 2025, Order 1, ECF No. 163 (noting Aug. 14, 2025, conference call).) On August 28, 2025, Judge Quinn found that the Lindsay Report was "improper" and granted Defendants' request that it be stricken. (Aug. 28, 2025, Order 1.) On September 12, 2025, Plaintiffs appealed the August 28, 2025, Order. (*See generally* Pls.' App., ECF No. 164.) Defendants opposed (*see generally* Defs.' Opp'n Br.) and Plaintiffs replied (Pls.' Reply Br., ECF No. 166).

A magistrate judge's resolution of a non-dispositive matter may only be set aside if the "order is 'clearly erroneous or contrary to law.'" *Marks v. Struble*, 347 F. Supp. 2d 136, 149

(D.N.J. 2004) (citations omitted); Fed. R. Civ. P. 72(a); Loc. Civ. R. 72.1(c)(1). "A finding is clearly erroneous only 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definitive and firm conviction that a mistake has been committed.'" *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (citations omitted). For a magistrate judge's decision to be contrary to law, the Court must find that the magistrate judge misapplied or misinterpreted the applicable law.

"The burden of demonstrating that the magistrate judge's order is clearly erroneous or contrary to law lies with the party filing the appeal." *Lask v. Jones*, No. 23-2987, 2024 WL 1256795, at *2 (Mar. 25, 2024) (citing *Marks*, 347 F. Supp. 2d at 149). Moreover, in its review of the magistrate judge's decision, the Court may not consider evidence that was not presented to the magistrate judge. *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91-92 (3d Cir. 1992). "Where, as here, the magistrate [judge] has ruled on a non[-]dispositive matter such as a discovery motion, his ruling is entitled to great deference and is reversible only for abuse of discretion." *Frank v. County of Hudson*, 924 F. Supp. 620, 623 (D.N.J. 1996) (collecting cases). "An abuse of discretion occurs 'when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable [person] would take the view adopted by the [deciding] court.'" *Fagan v. Fischer*, No. 14-7013, 2018 WL 2859541, at *3 (D.N.J. June 11, 2018) (quoting *Lindy Bros. Builders v. Am. Radiator & Std. Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976)).

Here, in the August 28, 2025, Order, Judge Quinn first found that "Plaintiffs failed to timely disclose this expert and have offered no justification for failing to abide by the Court-ordered deadline for such disclosure . . . [which] alone weighs in favor of striking the report." (Aug. 28, 2025, Order 1-2.) Judge Quinn then found that there "is plainly no factual reason for the additional

[Lindsay Report]" considering that "Defendants have agreed to 'refrain from asking their expert, Mr. Sweeney, about his opinion on whether the policies of the Salem County [Correctional] [F]acility are compliant with its obligations under [the Prison Rape Elimination Act].'" (*Id.* at 2 (emphasis omitted) (quoting Aug. 22, 2025, Defs.' Correspondence 2, ECF No. 160).) Moreover, Judge Quinn rejected Plaintiffs' further contention that "the 'report should be allowed' due to certain changes in correctional practices in Salem County" because Plaintiffs admitted during the Court's conference that they have known of this issue for "years[.]" (*Id.* (emphasis omitted).) Ultimately, Judge Quinn struck the Lindsay Report, reasoning that "Plaintiffs knew of these facts, and they could have—and frankly should have—identified . . . Lindsay timely as part of their case-in-chief, supplemented their initial disclosures as required by [Federal Rule of Civil Procedure[1]] 26[2], and served . . . Lindsay's affirmative expert report by the deadline in the operative Scheduling Order." (*Id.*)

Now, Plaintiffs appeal the August 28, 2025, Order, arguing that: (1) the August 28, 2025, Order is incorrect as a matter of law because it "holds that Plaintiffs did not timely serve their rebuttal disclosure under the Scheduling Order" even though "the Scheduling Order was silent on the service of rebuttal expert reports"; (2) "[t]he Lindsay Report is an appropriate 'rebuttal' because it responds to Salem County's affirmative defense that it ceased its two-a-day strip search practice in 2018[], not 2017, according to its former testimony"; (3) "Salem County should be estopped from denying the falsity of its 2017 testimony, evidence, and position, which it now

---

[1] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

[2] Rule 26 provides, in relevant part, that "[a] party must make [expert] disclosures at the times and in the sequence that the court orders" and "[a]bsent a stipulation or a court order, the disclosures must be made[] . . . if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party . . . , within [thirty] days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D).

admits to be false, and [Defendants are] now here creating new, inexplicable alternative facts that somehow Defendants changed the practice in 2018"; and (4) "[a]lternatively, Salem County should be estopped from striking Plaintiffs' expert because of the irreconcilable positions it has taken in this litigation." (Pls.' Moving Br. 6-16.)

The Court finds that Judge Quinn did not err or abuse his discretion in striking the Lindsay Report. In his decision, Judge Quinn determined that the Lindsay Report was not a proper rebuttal report. (*See* Aug. 28, 2025, Order 1-2.) "Rebuttal testimony is allowed when the rebuttal evidence is intended 'solely to contradict or rebut' other expert testimony." *Smithkline Beecham Corp. v. Ranbaxy Lab'ys, LTD.*, No. 03-2158, 2006 WL 8459047, at *4 (D.N.J. Feb. 23, 2006) (quoting Fed. R. Civ. P. 26(a)(2)(C)). Importantly, "rebuttal testimony is not 'an opportunity for the correction of any oversights in the plaintiff[s'] case in chief.'" *Id.* (quoting *Crowley v. Chait*, 322 F. Supp. 2d 530, 551 (D.N.J. 2004)). In his opinion, Judge Quinn noted that there is nothing for Plaintiffs to "rebut" at this stage because Defendants made a representation that they would not ask Dr. Sweeney about his opinion on whether the Salem County Correctional Facility is compliant, which "addresses Plaintiffs' alleged concern." (Aug. 28, 2025, Order 2.) Moreover, Judge Quinn specifically noted that "the Court will hold Defendants to their word" about such a representation. (*Id.*) Additionally, Judge Quinn focused on the fact that Plaintiffs admitted that they have known about the issues related to correctional practices for "*years*" such that any argument that the Lindsay Report is needed "due to certain changes in correctional practices in Salem County . . . is without merit." (*Id.* (emphasis in original).) Rather, such practices would have been appropriately addressed in an affirmative report, but, as Defendants articulated, "[n]ot retaining and producing a report from a 'corrections expert' in a corrections case was Plaintiffs' strategic choice." (Defs.' Opp'n Br. 7.) As such, Judge Quinn did not err or abuse his discretion in rejecting

5

Plaintiffs' attempt to introduce the Lindsay Report under the guise of a "rebuttal report" when the information contained therein should have been produced as an affirmative report. (*See* Aug. 28, 2025, Order 2.)

Furthermore, the deadlines set forth by the Court here are undisputed—Plaintiffs had until February 17, 2025, to serve their affirmative expert reports and disclosures. (*See* Feb. 11, 2025, Letter Order.) Despite this deadline, Plaintiffs served the Lindsay Report on June 23, 2025. (Pl.'s Moving Br. 4.) Since Judge Quinn properly rejected the arguments that the Lindsay Report was a rebuttal report, it is clear that he did not err in finding that Plaintiffs' "fail[ure] to abide by the Court-ordered deadline for such [expert] disclosure[s] . . . alone weighs in favor of striking the [Lindsay R]eport." (Aug. 28, 2025, Order 1-2.)

The Court, accordingly, finds that the August 28, 2025, Order was not "'clearly erroneous or contrary to law.'"[3] *Marks*, 347 F. Supp. 2d at 149 (citations omitted); *Frank*, 924 F. Supp. at 623.

Based on the foregoing,

**IT IS**, on this 25th day of _March_ 2026, **ORDERED** as follows:

1.      Plaintiffs' Appeal (ECF No. 164) of the August 28, 2025, Order (ECF No. 163) is

**DENIED**.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[3] The Court will not address Plaintiffs' new arguments about estoppel at this juncture, as those arguments are outside the scope of evaluating whether Judge Quinn's August 28, 2025, Order was "clearly erroneous or contrary to law" based on the arguments and evidence presented to Judge Quinn. *Marks*, 347 F. Supp. 2d at 149; *Haines*, 975 F.2d at 91-92.

6